FILED

2013 Dec-04  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ALONZO ANDERSON,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | )     **CASE NO.** |
| | ) |
| **OPTIMUM OUTCOMES, INC.,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT AND JURY TRIAL DEMAND

## JURISDICTION

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations.

2.  The civil liability portion of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person..." 15 U.S.C. § 1692k(a).

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff, Alonzo Anderson, (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Alabama, and is a "person" who has standing to bring this action under 15 U.S.C. § 1692k.

5.     Defendant, Optimum Outcomes, Inc., (hereinafter "Defendant") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama.  Its principal place of business is the State of Illinois and it is incorporated in Illinois.

## FACTUAL ALLEGATIONS

6.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     The alleged debt at issue is related to an account with Rural Metro Ambulance for a medical bill.

8.     Plaintiff filed a Chapter 7 Bankruptcy Petition on April 15, 2013.

9.     The Petition was filed in the Northern District of Alabama, Southern Division.

10.    The Case Number is 13-01774-TOM-7.

11.    The debt at issue was listed on the Petition.

12.    Notice was sent to the Defendant and/or the original creditor and/or the company that assigned or transferred the debt to Defendant.

13.    No entity objected to the discharge-ability of the debt.

14.    On July 16, 2013, the Bankruptcy Court issued an Order discharging the debt.

15.    The Discharge Order was sent to Defendant and/or the original creditor and/or the entity that transferred or assigned the debt to Defendant.

16.    The Discharge Order states in relevant part: "IT IS ORDERED: The Debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). "

17.    It is illegal to attempt in any manner to collect this discharged debt.

18.    Defendant started a campaign of deliberate intent to harass and oppress Plaintiff to force Plaintiff to pay Defendant.

19.    In August of 2013, Plaintiff received a demand letter from Defendant seeking to collect $930.21 on behalf of Rural Metro Ambulance.

20.    Defendant knows that Plaintiff does not owe any money to Defendant on any alleged debt.

21.    Defendant has refused to investigate this matter on whether Plaintiff owes any money to Defendant.

22.   Had Defendant undertaken even an incompetent investigation, and certainly if Defendant had done a reasonable investigation as any honorable debt collector would have done, Defendant would have concluded that Plaintiff does not owe any money on this debt.

23.   Instead of doing what is reasonable and what any honorable debt collector would do, however, Defendant has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

24.   Defendant has misrepresented the character, nature, and amount of the debt, as no debt is owed.

25.   Defendant has misrepresented not only the existence of the debt, but also the consequences that it will impose upon the Plaintiff if the Plaintiff does not give in to the extortion demands of Defendant.

26.   Defendant has threatened to collect the discharged debt, which is illegal.

27.   Defendant knows it cannot collect a discharged debt.

28.   There can be no collection on a discharged debt.

29.   Defendant believes that it is appropriate to make threats that it has no legal right to make against consumers.

30.   Defendant believes that it is appropriate to make threats that it knows it cannot carry out against consumers.

31.   Defendant believes that there is not abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

32.   Defendant believes that abusive debt collection practices do not contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

33.   Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

34.   All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

## SUMMARY

35.   The Defendant violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

36.   The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

37.   The above-detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof Defendant willfully, maliciously, recklessly,

and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

38. This abusive collection by Defendant and its agents caused Plaintiff stress and anguish.

39. Defendant's attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

41. The only way that abusive debt collectors like Defendant will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

42. A significant punitive damage award will get the attention of Defendant and other abusive collectors and to gain an unfair competitive advantage over

honorable, law abiding debt consumers so that they will realize that it no longer makes economic sense to abuse consumers.

43.    A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over consumers that operate within the boundaries of the law.

## RESPONDEAT SUPERIOR LIABILITY

44.    The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal, the Defendant.

45.    The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

46.    By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, the Defendant.

47.    Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

48.   Defendant negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## TRIAL BY JURY

49.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

50.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following:  1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

52.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II. INVASION OF PRIVACY

53.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

54.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

55.   Congress explicitly recognizes a **consumer's inherent right** to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

56.   Congress further recognizes a consumer's right to privacy in financial data in passing the **Gramm** Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of Congress that **each financial institution has an affirmative and continuing obligation to respect the**

**privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

57.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

58.   Defendant and its agents intentionally, recklessly, and/or negligently caused **emotional harm to** Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding **upon** Plaintiff's right to privacy.

59.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

60.   The conduct of Defendant and its **agents, in engaging in the above-**described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

61. The conduct of Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

62. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

63. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III. NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

64. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

65. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

66. Had Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

67.    Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

68.    The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

69.    Defendant knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

## COUNT IV. NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

70.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

71.    Defendant owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

72.    Defendant owes a duty to consumers against whom it is collecting to act reasonably.

73.    All of the actions described in this Complaint demonstrate that the Defendant did not act reasonably towards the Plaintiff.

74.    The Defendant, by its described conduct, breached its duty to act reasonably towards Plaintiff.

75. Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendant anticipated causing when it breached its duty to act reasonably.

76. Defendant knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

77. Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

78. Defendant was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendant when dealing with consumers who do not pay debts that Defendant alleges are owed.

79. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

80. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

81. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

82.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

83.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

84.   As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

- for such other and further relief as may be just and proper.

## COUNT II.  INVASION OF PRIVACY

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.  NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV.  NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial

for Plaintiff;

- punitive damages; and

- for such other and **further relief as may be just and proper.**

Dated:
December 3rd, 2013

Respectfully submitted,

/s/ S. Scott Allums
S. Scott Allums (ASB-5967-n62a)
S. SCOTT ALLUMS, PC
506 North 18th Street
Bessemer, Alabama 35020
Telephone:  (205) 426-7080
Facsimile: (888) 341-6040
scott@allumslaw.com

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF **ALABAMA**                                     )
                                                        )
COUNTY OF JEFFERSON                                     )

Plaintiff, Alonzo Anderson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Alonzo Anderson

Subscribed and sworn to before me
this 27th day of November, 2013.

_____
Notary Public